NOT FOR PUBLICATION

FILED

JUN 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YADIRA LOPEZ TORRES; L.C.M.L., | No. 23-3462 |
| Petitioners, | Agency Nos. A089-168-994 A215-816-247 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Yadira Lopez Torres ("Petitioner") and her minor son, L.C.M.L., citizens of

Mexico, seek review of the Board of Immigration Appeals' ("BIA's") dismissal of

their appeal from an immigration judge's ("IJ's") denial of Petitioner's

applications for asylum, withholding of removal, and relief under the Convention

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").[1] "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[2]

1.      Substantial evidence supports the BIA's determination that Petitioner failed to establish past persecution. While the murder of a spouse can certainly rise to the level of past persecution, the BIA found inconclusive any evidence that Petitioner was also being targeted by the cartel. *See Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) ("[W]e have explained that although harm to a

---

[1] Petitioner's minor son did not file independent applications for relief and protection from removal. He is therefore a derivative beneficiary of Petitioner's asylum application.

[2] Petitioner does not make any argument about the BIA's determination as to her CAT claim and has thus forfeited any challenge to it. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not "specifically and distinctly" argued in a party's opening brief are forfeited).

petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution, it must be part of a pattern of persecution closely tied to [the petitioner] himself." (second alteration in original) (internal quotation marks and citation omitted)).

Petitioner received an anonymous phone call shortly after the father of her child, Francisco, was murdered, stating that she should "watch out" because what happened to Francisco could happen to her and her son, as well as an inquiry from an anonymous couple asking about Petitioner's whereabouts after she had left for the United States. Even assuming these interactions constituted threats, "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021); *see also Duran-Rodriguez*, 918 F.3d at 1028 (holding that threats by phone and in person, without accompanying acts of violence, did not compel finding past persecution).

2. Substantial evidence also supports the BIA's conclusion that Petitioner's fear of future harm is not objectively reasonable. Even if the anonymous call could have been connected to the cartel, "vague threats made against [the petitioner's] family . . . do not compel a finding of clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010). Moreover, Petitioner's family members continue to reside safely in Mexico and have not been threatened or harmed. *See Sharma*, 9 F.4th at 1066 ("The ongoing

safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). As such, Petitioner has failed to establish an objectively reasonable well-founded fear of future persecution. *See, e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (holding that fear of future persecution was "too speculative" to support asylum claim); *Sarkar v. Garland*, 39 F.4th 611, 623 (9th Cir. 2022) (holding that petitioner's "affidavit and articles are 'too speculative to be credited as a basis for fear of future persecution'" (quoting *Nagoulko*, 333 F.3d at 1018)).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal shall remain in place until the mandate issues.

23-3462